### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### TERRY INDUSTRIES OF VIRGINIA, INC., Respondent.

#### No. 12153.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 1, 1968.

Decided Nov. 15, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1190.

**634**

Paul J. Spielberg, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Edith E. Nash, Atty., N. L. R. B., on brief), for petitioner.

Lawrence T. Zimmerman, Washington, D. C. (Reilly, Johns & Zimmerman, Washington, D. C., Hugh J. Scallon, and Gibson, Dunn & Crutcher, Los Angeles, Cal., on brief), for respondent.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order directing Terry Industries of Virginia, Incorporated, to cease and desist from unfair labor practices in violation of Section 8(a) (1) and (3) of the Act, to' offer reinstatement to two employees illegally discharged, and to post a notice negating the impression of surveillance created by company actions. Finding substantial evidence in the record as a whole to support the Board's findings, we enforce its order. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Terry Industries began producing camping trailers at Winchester, Virginia in January 1966, and in July of that year, union organizing activity began in the plant. Cather Orndorff and Dwight Funkhouser, the employees whose discharges were found by the Board to have been discriminatorily motivated, were both involved in the organization drive. A representation hearing was held on August 10, 1966, and an election followed on September 8.

On August 18, before the election, Orndorff was discharged, ostensibly for a twenty-four hour absence from work. On August 23, the company discharged Funkhouser, for the stated reason that he and another employee, whose discharge is not questioned, had unauthorizedly used company saws for personal purposes.

The plant production manager, Rusk, who discharged both employees, testified at the hearing that he was merely following established company policy in discharging the men. The twenty-four hour rule enforced against Orndorff, however, had not been inflexibly enforced on prior occasions. Although Funkhouser had once before been warned about a misuse of the saws, his misconduct on this occasion was minimal. There was also evidence that the company attempted to build a defense by adding to the personnel records of the two men data supplying legitimate reasons for their discharge. In the case of Funkhouser, it appears that this was done at a later date at the instance of a California representative of the company.

The testimony of Rusk was crucial evidence on the question of employer motivation and his credibility was in issue. The hearing examiner specifically found Rusk's testimony to be false in one respect, and therefore he did not credit his testimony concerning the company's motives for the discharges. The Board adopted the examiner's report and findings.

Following the legally accepted standard, this court has recently stated:

> [W]hen the circumstances surrounding the dismissal cast doubt on the employer's motivation, neither the Board nor the trial examiner is bound to accept his explanation. They are empowered to conduct their own inquiry and when their findings are " 'supported by circumstances from which the conclusion of discriminatory discharge may legitimately be drawn,' it is binding on the court, and we are without power to substitute our judg-

ment for that of the Board." NLRB v. Lifetime Door Company, 390 F.2d 272, 275 (1968).

The case may be debatable, but since there is substantial evidence for the Board's conclusion that the discharges were discriminatory, we enforce its order to reinstate the two employees with back pay.

The Board also found that the company had created an impression of surveillance by indicating that it knew who had and who had not attended a union meeting. Such conduct violates Section 8(a) (1). NLRB v. Ralph Printing and Lithographing Co., 379 F.2d 687, 691 (8th Cir. 1967). There is likewise substantial evidence to support this finding and the Board's order is enforced in its entirety.